1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KEITH JASON MINJACK,                          No.  2:13-cv-1456 CKD P

12                    Plaintiff,

13           v.                                      ORDER

14    SOLANO COUNTY SHERIFFS,

15                    Defendants.

16

17           Plaintiff is a Solano County Jail prisoner proceeding pro se.  Plaintiff seeks relief pursuant

18    to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. §

19    1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20    636(b)(1).

21           Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22    1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28    /////

                                                    1

1    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14    Cir. 1989); Franklin, 745 F.2d at 1227.

15         In order to avoid dismissal for failure to state a claim a complaint must contain more than

16    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17    of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19    statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

20    upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22    the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

23    at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

24    the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

25    and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26    U.S. 232, 236 (1974).

27         The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails

28    to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure

1  adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

2  claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

3  1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants

4  engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be dismissed.  The court

5  will, however, grant leave to file an amended complaint.

6       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

7  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

8  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

9  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

10  is some affirmative link or connection between a defendant's actions and the claimed deprivation.

11  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

12  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

13  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

14  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

16  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

17  complaint be complete in itself without reference to any prior pleading.  This is because, as a

18  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

19  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

20  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

21  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

22       In accordance with the above, IT IS HEREBY ORDERED that:

23       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

24       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

25  shall be collected and paid in accordance with this court's order to the Solano County Sheriff

26  filed concurrently herewith.

27       3.  Plaintiff's complaint is dismissed.

28  /////

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  August 12, 2013

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
minj1456.14.

4